IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2017 JUN 29 P 2: 17
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MAVIS FREEMAN,

*Plaintiff*,

v.

APRINTA GROUP, LLC; William A. Dolan II, Dilip Bhavnani, and BlueCross BlueShield of Alabama

*Defendants*.

Civil Action No. 3:17-cv-416
**Demand for Jury Trial**

## COMPLAINT

### Nature of Action

Plaintiff, Mavis Freeman, sues herein to redress the legal and equitable wrongs she has suffered in losing her medical coverage and incurring unreimbursed medical expenses as the result of the Defendants' various breaches of duties and the Defendants' failure to afford her the right to continuation of her medical insurance coverage as required under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., ("ERISA") and amendments by the Consolidated Omnibus Reconciliation Act ("COBRA"). Plaintiff is a resident of Tallapoosa County, Alabama.

### Jurisdiction

1) As to jurisdiction, Plaintiff's first cause of action arises under COBRA and ERISA for wrongful termination of continued health coverage and failure to pay medical benefits. This Court has federal question jurisdiction under 29 U.S.C. § 1132(e). This cause of action arose in the Middle District, and Defendants may be found in that district. Venue is proper in that district pursuant to 29 U.S.C. § 1132(e).

1

2) Plaintiff is informed and believes that Defendant, Aprinta Group, LLC, is a foreign limited liability company doing business in Tallapoosa County, Alabama, which operated an Employee Welfare Benefit Plan as that term is defined by ERISA, 29 U.S.C. § 1002(1) and which provided medical benefits coverage to the Plaintiff at all relevant times.

3) The Plaintiff is informed and believes and thereupon alleges that the Defendants, William A. Dolan II and Dilip Bhavnani are each individuals over the age of 21 years, and while Mr. Bhavnani is not a resident of the State of Alabama, both he and Mr. Dolan were employed by and/or acting on behalf of Aprinta Group, LLC, regarding duties in connection with the medical benefits provided with the Employee Welfare Benefit Plan.

4) The Defendant BlueCross and BlueShield of Alabama ("BlueCross") is an insurance company, with corporate headquarters in Birmingham, Alabama, which issued a policy of health insurance or otherwise provided medical benefits for the Plaintiff through Aprinta Group, LLC.

5) During all relevant periods prior to January, 2017, the Plaintiff was an employee of Aprinta Group, LLC. In connection with her employment, she was a participant in the Employee Welfare Benefit Plan, and she was afforded health insurance pursuant to the terms of a health insurance policy or plan underwritten by BlueCross.

6) At all times until January, 2017, Plaintiff paid monthly premiums to Aprinta Group, LLC, in order to maintain the BlueCross health insurance coverage in full force and effect. The Defendants, Aprinta Group, LLC, William A. Dolan II, and Dilip Bhavnani, assumed the obligation or undertook the obligation or were required to perform the obligation of paying health benefit premiums received from the Plaintiff over to BlueCross so that there would be uninterrupted health benefit coverage as provided by the health benefit plan.

7) The money for payment of health insurance benefits relevant to this lawsuit was timely provided by the Plaintiff to Aprinta Group, LLC, William A. Dolan II, and Dilip Bhavnani prior to January, 2017, and subsequently thereto. The payments were made by payroll deduction and by checks written

on the Plaintiff's bank account, being check numbers 5455 dated January 11, 2017, and 5465 dated February 7, 2017.

8) The Plaintiff, Mavis Freeman, was required to be hospitalized and undergo an operation in January, 2017. Prior to the hospitalization, hospital Mavis Freeman contacted BlueCross, which verified coverage and ostensibly approved the hospital admission and surgical operation on the Plaintiff. This information was provided to the Plaintiff; and the Plaintiff, in reliance on that representation, underwent the hospitalization and surgery. The Plaintiff entered the hospital on January 12, 2017, for the medical care and surgery which had been approved by BlueCross.

9) Thereafter, the Defendant BlueCross failed or refused to make payment to medical service providers who submitted claims regarding the Plaintiff's hospitalization and surgery. BlueCross claimed that coverage was terminated prior to the surgery. Additionally, Aprinta Group, LLC, William A. Dolan II, and Dilip Bhavnani, refused or failed to pay such claims. It is unknown whether the payments made by Plaintiff through payroll deduction and by personal check were misappropriated or whether negligence or mistake resulted in termination of the Plaintiff's health insurance benefits.

10) The Defendant, BlueCross, represented to the Plaintiff and to the Plaintiff's medical providers that nonpayment of premiums was the reason that the claims had been denied.

## COUNT ONE

11) As a proximate result of the above facts, which are incorporated here by reference, Plaintiff has been uninsured and personally liable for substantial medical bills for treatments received during the period including January, 2017 through the present date. As a proximate result of the above facts, creditors are attempting to collect unpaid medical bills from the Plaintiff, and the Plaintiff's credit rating will soon be negatively impacted, as has been her ability to receive necessary medical care.

12) Plaintiff repeatedly appealed to all Defendants to reverse this decision and provided information to verify her position that the surgery should and care received in January, 2017, and subsequently, should be covered. Plaintiff exhausted all known administrative remedies and/or it was futile to further pursue further appeals or reviews. Plaintiff has been forced

3

to retain an attorney to represent her in this matter. Plaintiff has fulfilled all conditions precedent to the bringing of these claims pursuant to 29 U.S.C. § 1132(e). Defendants are therefore liable to Plaintiff pursuant to 29 U.S.C. §§ 1132(c)(1) and 1132(g)(1) for reasonable attorney's fees, interest at 18% per annum and costs.

WHEREFORE, the Plaintiff demands judgment against Defendants as follows:

A. For payment by Defendants of medical bills in accordance with the benefit provisions of the Aprinta Group, LLC, Employee Welfare Benefit Plan which provided health insurance, with prejudgment interest, in a sum to be determined at the time of trial or before;

B. For reinstatement of Plaintiff's continuation coverage;

C. For the reasonable attorney's fees and costs of this action;

D. For such other legal and equitable relief as the Court deems just and appropriate.

## COUNT TWO

13) The Plaintiff incorporates by reference the above paragraphs 1 through 12 as if set forth here in full.

14) The Defendants Aprinta Group, LLC, William A. Dolan II, and Dilip Bhavnani negligently, and/or wantonly breached their duties in handling the premiums submitted by the Plaintiff as set out above.

15) As a proximate cause of these breaches of duty, the Plaintiff suffered damages and losses as set forth above. The Plaintiff claims compensatory damages and damages for mental anguish and punitive damages in such sum as will deter these three Defendants from acting in such manner in the future.

WHERFORE, the Plaintiff demands judgment against Aprinta Group, LLC, William A. Dolan II, and Dilip Bhavnani in such sums as this Court may assess together with interest and costs of this action.

## **COUNT THREE**

16) The Plaintiff incorporates by reference the above paragraphs 1 through 15.

17) The Defendants, BlueCross and Aprinta Group, LLC, as fiduciaries and/or in assuming duties as plan administrators and/or in assuming duties as "any administrator", and/or as agents for other Defendants were required by law to fulfill certain fiduciary duties regarding the health care or medical benefit plan and claims of the Plaintiff under 29 U.S.C. § 1132 (a)(3) and 29 U.S.C. § 1022.

18) The Defendant, BlueCross, represented to the Plaintiff by and through hospital personnel that she had health care benefits in place and effective in November, 2017, as set forth above. The Plaintiff had made payment for these health care benefits as set forth above.

19) The Defendants, BlueCross and Aprita Group, LLC, based upon the requirements of 29 U.S.C. § 1022, had an obligation to inform the Plaintiff of any circumstances that could affect benefits available under the plan. The Defendant, BlueCross, at the time such representations were made, should have informed the Plaintiff that payment had not been received as such was actually the case. Furthermore, the Defendant Aprinta Group, LLC, had an obligation to inform the Plaintiff if there was a problem in forwarding the Plaintiff's payment or if such payment had not been received. The breach of these obligations constitutes a breach of fiduciary duty.

20) The Defendants, Aprinta Group, LLC, William A. Dolan II, and Dilip Bhavnani, did not forward the payment to the Defendant BlueCross, or failed to forward such payment in a timely manner; and this constitutes prohibited transaction under ERISA, and a separate breach of fiduciary duty. In the alternative, Plaintiff alleges that the Defendant BlueCross received the Plaintiff's payments but wrongfully terminated the Plaintiff's health insurance coverage. These acts also constitute a breach of fiduciary duty by BlueCross; and this likewise is a prohibited transaction under ERISA.

WHEREFORE, the Plaintiff demands judgment under 29 U.S.C. § 1132 (a)(3) as follows:

A. The Plaintiff seeks restitution for the wrongs committed by BlueCross, Aprinta Group, LLC, William A. Dolan II, and Dilip Bhavnani;

B. The Plaintiff seeks equity to require what ought to have been done including payment of all medical benefits together with interest;

C. The Plaintiff seeks an award of attorney's fees pursuant to 29 U.S.C. § 1132(g) and for such other equitable and different relief as may be just and proper.

## COUNT FOUR

21) The Plaintiff incorporates by reference the above paragraphs 1 through 20.

22) Defendants withheld from payroll and accepted payment from Mavis Freeman intended to pay her health insurance and converted it to their own use and benefit.

23) As a proximate cause of these conversions, the Plaintiff suffered damages and losses as set forth above. The Plaintiff claims compensatory damages and damages for mental anguish and punitive damages in such sum as will deter these three Defendants from acting in such manner in the future.

WHERFORE, the Plaintiff demands judgment against Aprinta Group, LLC, William A. Dolan II, and Dilip Bhavnani, in such sums as this Court may assess together with interest and costs of this action.

## JURY DEMAND

Plaintiff demands trial by struck jury on all issues.

Respectfully submitted this 29th day of June, 2017.

John Michael Segrest  ASB-8306-H58S
Attorney for Plaintiff
The Segrest Law Firm
P.O. Box 780791
Tallassee, AL  36078
334-252-0036
Fax: 334-252-0037
Mike.Segrest@Segrestlaw.com

/s/ Heather Newsom Leonard
Heather Newsom Leonard  ASB-1152-O61H
Attorney for Plaintiff
Heather Leonard, PC
2105 Devereaux Circle, Suite 111
Birmingham, AL  35243
205-977-5421
Fax:  205-278-1400
Heather@HeatherLeonardPC.com